UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIA E. JOHNSON,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>MIDLAND CREDIT MANAGEMENT, INC.,<br><br>　　　　　　　　　　Defendant. | Case No.: 21-cv-1563 W (JLB)<br><br>**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS [DOC. 11]** |

　　Pending before the Court is Plaintiff Martia E. Johnson's motion for attorney's fees and costs. Defendant Midland Credit Management, Inc. opposes.

　　The Court decides the matter on the papers submitted and without oral argument. See Civ. L.R. 7.1(d.1). For the following reasons, the Court **GRANTS IN PART** the motion [Doc. 11] and **AWARDS** Plaintiff $2,037.50 in fees and $402. in costs.

//

//

1

## I. INTRODUCTION

On September 3, 2021, Plaintiff filed a lawsuit against Defendant Midland Credit Management, Inc., for violating the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"). (*See Compl.* [Doc. 1].) On November 12, 2021, Defendant submitted an Offer of Judgment for "$1,100.00 plus reasonable attorneys' fees and taxable costs" to Plaintiff's counsel. (*See Pl's Notice of Acceptance* [Doc. 8], *Ex. A* ("Offer of Judgment").) Plaintiff accepted the Offer of Judgement and filed a Notice of Acceptance. (*Id.*) On November 23, 2021, the Clerk of the Court entered judgment in favor of Plaintiff and against Defendant in the amount of $1,100.00 plus reasonable cost and attorney's fees. (*See Clerk's Judgment* [Doc. 10].)

After Plaintiff accepted Defendant's Offer of Judgement, the parties attempted to reach an agreement on Plaintiff's attorney's fees. Because the parties were unable to agree, Plaintiff has filed a motion for attorney's fees. Defendant opposes the motion.

## II. ANALYSIS

The FDCPA requires the payment of costs and reasonable attorney fees to a successful consumer. 15 U.S.C. §1692(k)(a)(3). The language of the FDCPA makes an award of attorney fees mandatory. Camacho v. Bridgeport Fin. Inc., 523 F.3d 973, 978 (9th Cir. 2008).

The lodestar method is the prevailing method for calculating an attorney's fees award. Robertson v. Fleetwood Travel Trailers of California, Inc., 144 Cal.App.4th 785, 818-819 (2006); Ketchum v. Moses, 24 Cal.4th 1122, 1135 (2001) (endorsing the lodestar method as the prevailing method for statutory fee awards); Morales v. City of San Rafael, 96 F.3d 359, 363 (9th Cir. Cal. 1996). The evaluation of the lodestar requires the Court "to make an initial determination of the actual time expended; and then to ascertain whether under all the circumstances of the case the amount of the actual time expended and the monetary charge being made for the time expended are reasonable." Robertson, 144 Cal.App.4th at 817 (quoting Nightingale v. Hyundai Motor America, 31

Cal.App.4th 99, 104 (1994)).  In determining the reasonableness of the lodestar, courts can consider the complexity of the case, procedural demands, the skill exhibited, and the results achieved. Id.

Here, there is no dispute Plaintiff prevailed by accepting Defendant's offer of judgment.  Plaintiff is, therefore, entitled to an award of reasonable attorney fees.

Plaintiff's counsel seeks $4,387.50 in attorneys' fees and $402 in costs. (*Itemization of Fees & Costs* [Doc. 11-1] 2:22–26; *Figueroa Decl.* [Doc. 11-2[1]] ¶¶ 9, 10.) The requested amount is based on 10.8 hours of attorney time billed at a $375 hourly rate, and 2.7 hours of paralegal time billed at $125 hourly rate. (*Itemization of Fees & Costs* 1:18–2:20; *Figueroa Decl.* ¶ 9.)  This includes 2.9 hours of attorney time and 1 hour of paralegal time incurred in drafting the motion for attorneys' fees. (*Itemization of Fees & Costs* 2:18–20.)  Defendant argues the fee award should be reduced for a number of reasons.

Defendant argues that under the terms of the Offer of Judgement, Plaintiff's attorney's fee award is limited to fees and costs incurred as of the date the offer. (*Opp'n* [Doc. 12] 12:9–23.)  In Guerrero v. Cummings, 70 F.3d 1111 (9th Cir. 1995), the Ninth Circuit held that the terms of a Rule 68 offer limiting an attorney fee award to the date of the offer is binding if the limitation is "clear and unambiguous."  Id. at 1113.

Here, Defendant's Offer of Judgment limited Plaintiff to "reasonable attorneys' fees incurred and costs accrued to the date of this offer ...." (*Offer of Judgment* ¶ 1.) Accordingly, Plaintiff may not recover fees and costs incurred after November 12, 2021. (*See Item. Of Fees & Costs* 2:6–20.)

Defendant next challenges the 4.6 hours Plaintiff's counsel billed to drafting the Complaint.  Defendant contends the time is excessive because the "Complaint belies an 'assembly line approach' and is nearly identical [to] other filed complaints."  (*Opp'n*

---

[1] The actual title of the document is "Itemization of Attorneys' Fees and Costs," which is the same title as Doc. 11-1.  The Court will, therefore, refer to Doc. 11-2 as "Figueroa Decl."

3

21-cv-1563 W (JLB)

1    11:12–14.) In support of this argument, Defendant provides two exhibits comparing the
2    Complaint in this case to complaints Plaintiff's counsel filed in other FDCPA cases. (*See*
3    *Kelly Decl.* [12-1] Ex. 1 [Doc. 12-2] & Ex. 2 [Doc. 12-3].)
4           As an initial matter, it is important to point out that given the numerous attorney
5    fee motions reviewed by this Court, 4.6 hours for drafting any important pleading or
6    motion is not a significant amount of time. Moreover, contrary to Defendant's argument,
7    Plaintiff's counsel did not bill 4.6 hours to simply drafting the Complaint. Rather, 4.6
8    hours was billed to reviewing the client's file, evaluating the causes of action, and
9    drafting and finalizing the pleading. (*Item. Of Fees & Costs* 1:18–23.) Additionally,
10   Defendant's exhibits comparing the Complaint with pleadings filed in two other cases do
11   not establish that 4.6 hours is excessive. Exhibit 1 compares the Complaint filed in this
12   case (on September 3, 2021) with a complaint filed nearly three months later (on
13   November 22, 2021) in the Central District of California. (*See Kelly Decl.*, Ex. 1.) At
14   best, Exhibit 1 *may* suggest that the complaint filed on November 22, 2021 was simply a
15   copy of the Complaint filed in this case. As for Exhibit 2—which compares the
16   Complaint in this case with a complaint filed in the Central District of California in
17   2020—the exhibit indicates there were significant changes between the two pleadings,
18   particularly with regard to the causes of action. (*See Kelly Decl.*, Ex. 2.) While this
19   lawsuit only involved claims under the FDCPA, the 2020 complaint also included claims
20   under California's Rosenthal Act. (*Id.*) As a result, Exhibit 2 supports an inference that
21   rather than simply copy the 2020 pleading, Plaintiff's counsel spent time evaluating
22   which causes of action to assert and ultimately eliminated the Rosenthal Act causes of
23   action from this case. For these reasons, the Court finds the 4.6 hours spent on tasks
24   related to preparing the Complaint is reasonable.
25          Defendant's also challenge the time billed by the paralegal on the basis that it
26   represents "purely clerical tasks" that are not properly billable. (*Opp'n* 10:3–27.) The
27   tasks at issue involving: filing the Complaint; drafting the waiver of summons and
28   emailing it to opposing counsel with the Complaint; and filing the waiver of summons.

(*Item. Of Fees & Costs* 1:24, 1:27–2:3.[2])  These tasks are not "purely clerical."  See Kham Singmoungthong v. Astrue, 2011 WL 2746711 (E.D.Cal. 2011) (allowing recovery of time billed to "[f]iling documents with the Court and reviewing service documents").  Thus, the Court will allow the 1.3 paralegal hours billed to these tasks.

Defendant also argues Plaintiff's attorney and paralegal rates are too high and should be reduced from $375 to $275 per hour, and $120 to $90 per hour, respectively.  (*Opp'n* 8:3–10:2, 15:1–9.)  Defendant's argument is based on rates approved in cases from as far back as 2016, 2018 and 2020.  (*Id.* 9:19–26.)  Given the efficiency with which Plaintiff's counsel litigated this case, the Court finds the rates charged are reasonable.

Finally, Defendant objects to Plaintiff's fees on the basis that some portion of the time billed was performed by an Illinois attorney who is neither licensed in California nor in this District.  (*Opp'n* 6:6–15, 6:23–7:27.)

In general, an attorney who "appears" in a case but is not licensed to practice in the state and has not appeared *pro hac vice* may not recover fees.  See Winterrowd v. American General Annuity Ins. Co., 556 F.3d 815 (9th Cir. 2009).  An attorney "appears" in a case by arguing in court, signing briefs or having significant contact with the client and counsel.  Id. at 823–24.  However, an attorney does not "appear" in a case by drafting briefs, which are then submitted for review to counsel who is admitted to practice in the state.  Id. at 824; see also Kham Singmoungthong, 2011 WL 2746711, *4 (allowing recovery for out-of-state attorney who provided drafts of briefs to California attorney).

Here, given the limitation in the Offer of Judgment, Plaintiff's counsel may only seek reimbursement for tasks related to preparing documents filed with the Court.  Specifically, the only tasks performed before the Offer of Judgment was made involved reviewing the client materials, determining the causes of action, and drafting the complaint; emailing Defendant's counsel regarding the Waiver of Summons; and

---

[2] The paralegal also performed other tasks after the Offer of Judgment and, therefore, are disallowed on that basis.

reviewing Defendant's Answer and Affirmative Defense. (*Item. Of Fees & Costs* 1:18–2:5.) The record establishes that all documents filed on behalf of Plaintiff, such as the Complaint, were signed by California counsel, not the Illinois attorney. (*See Compl.*) Additionally, even assuming the Illinois attorney sent the email regarding the Waiver of Summons, the Court finds it was not sufficient contact with defense counsel to constitute an appearance. Because any work by the Illinois attorney in drafting documents filed in this Court did not constitute an appearance, Plaintiff may seek recovery for that time.

For the above reasons, the Court finds Plaintiff is entitled to recover all fees and costs incurred before the Offer of Judgement, as follows: $1,875 in attorney fees (5 hrs x $375); $162.50 for paralegal fees (1.3 x $125); and costs of $402.

## III. CONCLUSION & ORDER

For the reasons set forth above, the Court **GRANTS IN PART** Plaintiff's motion for attorney's fees [Doc. 11] and **AWARDS** Plaintiff $2,439.50 in attorney's fees and costs.

**IT IS SO ORDERED.**

Dated: April 6, 2022

Hon. Thomas J. Whelan
United States District Judge